AARON, J., Concurring.
While Bryant’s claim fails in light of the Supreme Court authority discussed in the majority opinion, I write separately to express my disagreement with the “inadequate elucidation” doctrine (People v. Flannel (1979) 25 Cal.Sd 668, 681 [160 Cal.Rptr. 84, 603 P.2d 1]) and to urge that it be reconsidered. In my view, a trial court’s obligation to instruct sua sponte should turn not upon the frequency with which a principle appears in case law, but rather, upon the clarity of the legal principle involved and whether that principle applies to a given set of facts. (Cf. People v. Sedeno (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913] [“ ‘It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury’s understanding of the case.’ [Citation.]”].)
To conclude otherwise allows the possibility that a defendant may stand convicted of an offense merely because the facts of the defendant’s case do not fall within well-established doctrine, even if the law does not support the conviction. The fact that no court has previously articulated the validity of the defendant’s appellate claim is not a sufficient reason to deny that defendant a new trial at which the jury is properly instructed. Most fundamentally, case law to the effect that a defendant is entitled only to jury instructions that are rooted in “well-established legal doctrine” (People v. Michaels (2002) 28 Cal.4th 486, 530 [122 Cal.Rptr.2d 285, 49 P.3d 1032]) represents, in my view, an unwarranted departure from the ordinary rule that decisions that “explain or refine the holding of a prior case, those which apply an existing precedent to a different fact situation, even if the result may be said to ‘extend’ the precedent, or those which draw a conclusion that was clearly implied in or anticipated by previous opinions,” apply fully to a defendant’s case on appeal. (People v. Guerra (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635]; see, e.g., Correa v. Superior Court (2002) 27 Cal.4th 444, 463, fn. 5 [117 Cal.Rptr.2d 27, 40 P.3d 739] [“Our holding is applicable to defendant’s case and applies fully retroactively, as is the norm for judicial decisions.”].)
*1208 Courts ordinarily apply even a change in the law on direct appeal, regardless of whether the trial court could have reasonably been expected to anticipate such a change. (See, e.g., People v. Carter (2005) 36 Cal.4th 1114, 1144 [32 Cal.Rptr.3d 759, 117 P.3d 476] [“the general rule [is] that judicial decisions, even those overruling prior authority, have full retroactive effect”].) For example, if a trial court, relying on past Supreme Court precedents, instructs on an offense, that trial court is deemed to have erred if the Supreme Court overrules those precedents on appeal. (People v. Chun (2009) 45 Cal.4th 1172, 1200-1201 [91 Cal.Rptr.3d 106, 203 P.3d 425] (Chun).) In Chun, the court stated: “We overrule People v. Robertson [(2004)] 34 Cal.4th 156 [17 Cal.Rptr.3d 604, 95 P.3d 872], and the reasoning, although not the result, of People v. Randle [(2005)] 35 Cal.4th 987 [28 Cal.Rptr.3d 725, 111 P.3d 987]. This conclusion means the trial court erred in this case in instructing the jury on the second degree felony-murder rule.” (Chun, supra, at p. 1201.)
In a footnote following this quotation, the Chun court explained that the trial court in that case had erred, even though the court had correctly applied the law as it existed at the time of trial: “When we say the trial court erred, we mean, of course, only in light of our reconsideration of past precedents. As of the time of trial, . . . ample authority supported the trial court’s decision to instruct on felony murder.” (Chun, supra, 45 Cal.4th at p. 1201, fn. 8.)
I agree that, where warranted by an evolution in the law, a trial court may be reversed for instructional error even if the trial court correctly applied binding precedent in giving the instruction in question. If this is the case, then a trial court should be held to have committed reversible error for failing to instruct in accordance with the logical evolution of the law, where there is no controlling authority to the contrary. In short, the principal rationale that the Supreme Court has provided—the unfairness of requiring a trial court to anticipate developments in the law (Flannel, supra, 25 Cal.3d at p. 683)—is, in my view, an insufficient justification for creating an exception to the ordinary rule that “a trial court must instruct on the general principles of law governing the case, i.e., those principles relevant to the issues raised by the evidence . . . .” (Id. at pp. 680-681.)
A court commits error where it acts contrary to a higher court’s articulation of the law, even if such error is understandable given the state of the law at the time the lower court acted. (See, e.g., Chun, supra, 45 Cal.4th at pp. 1200-1201; People v. Hendrix (2013) 214 Cal.App.4th 216, 239 [153 Cal.Rptr.3d 740] [“We conclude that the trial court’s legal analysis here was erroneous. The error is understandable because this case presents a significantly different context for the application of the decisional law related to [Evidence Code] section 1101, subdivision (b).”]; People v. Torres (2005) 127 *1209 Cal.App.4th 1391, 1400-1401 [26 Cal.Rptr.3d 518] [“As modified, the instruction thus required defendant to meet the burden of proving he was incapable of distinguishing right from both legal and moral wrong at the time he committed the crimes. This was error, [f] The trial court’s focus on moral wrong was understandable in light of case law on the matter.”].) I see no reason to employ a different rule with respect to the asserted instructional error of the type at issue in this case.
In sum, in my view, the novelty of application of a legal principle is not a sufficient basis upon which to conclude that a defendant should be deprived of the benefit of otherwise legally correct instruction on the applicable law. I would urge the Supreme Court to reconsider this aspect of Flannel and its progeny, while recognizing that, in the interim, this court remains bound by such precedent.
Appellant’s petition for review by the Supreme Court was denied April 30, 2014, S216703. Werdegar, J., was of the opinion that the petition should be granted.